```
              UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION

IN RE:                          )
                                )
De Coro, Limited,               )    Case No. 09-10369C-15G
                                )
          Debtor.               )
                                )
```

OPINION AND ORDER

This case came before the court on October 5, 2010, for hearing on a Motion to Alter or Amend Order Approving Form and Manner of Service of Notice of Foreign Claims Procedure filed on behalf of the United States ("Movant"). Lawrence P. Blaskopf appeared on behalf of the Movant and Stephen M. Packman and Benjamin A. Kahn appeared on behalf of the Debtor, De Coro, Limited ("Ltd."). Having considered the motion, the Debtor's objection, the briefs submitted by the parties and the arguments of counsel, the court finds and concludes as follows:

1. On or about February 18, 2009, James Wardell and Chan Wai Dune were appointed as the Provisional Liquidators to oversee the administration and liquidation of Ltd. in certain insolvency proceedings pending before the High Court of the Hong Kong Special Administrative Region Court of First Instance, Companies (Winding-Up) No. 93 of 2009 (the "Hong Kong Court"), pursuant to the Hong Kong Companies Ordinance, Chapter 32 of the Laws of Hong Kong (the "Hong Kong Proceeding").

2. Ltd. is a Hong Kong limited liability company formed on December 11, 1996, and is the parent company and shareholder of

DeCoro USA, Ltd. ("USA"). USA is currently a debtor in bankruptcy, having filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 12, 2009, Case No. 09-10846 (the "Chapter 11 Case").

3. On February 24, 2009, the Hong Kong Court entered an amended order appointing the Provisional Liquidators and enumerating the powers and duties of the Provisional Liquidators vis-a-vis the winding down of the De Coro Group (the "Appointment Order"). The Appointment Order vests the Provisional Liquidators with sole authority to administer the winding down of Ltd. and its subsidiaries, including, without limitation, Ltd. and USA.

4. On March 5, 2009, the Provisional Liquidators filed a voluntary petition (the "Chapter 15 Petition") under Chapter 15 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), Case No. 09-10369 (the "Chapter 15 Case"), seeking, inter alia, recognition of the Hong Kong Proceeding as a "foreign main proceeding" as such term is used in Chapter 15 of the Bankruptcy Code.

5. On March 11, 2009, the Bankruptcy Court entered an order granting the provisional relief sought by the Provisional Liquidators. On April 2, 2009, the Bankruptcy Court entered an order granting the Chapter 15 Petition, recognizing the Hong Kong Proceeding as a foreign main proceeding, and extending certain

relief to the De Coro Group [Docket No. 36] (the "Recognition Order").

6. On or about June 5, 2009, the IRS filed Claim Number 4-1 in the Chapter 15 Case, asserting a total claim of $99,764,687.00 against Ltd., comprised of $84,379,425.00 as an unsecured priority tax claim, and an additional $15,385,262.00 as a general unsecured claim (the "Original IRS Chapter 15 Claim").

7. On or about January 20, 2010, the IRS filed Claim Number 5-1 in the Chapter 15 Case, amending the Original IRS Chapter 15 Claim, and asserting a total claim of $133,990,621.57 against Ltd., comprised of $118,605,359.57 as an unsecured priority tax claim, and an additional $15,385,262.00 as a general unsecured claim (the "Amended IRS Chapter 15 Claim").

8. On or about April 28, 2010, in connection with the administration of the Chapter 15 Case, the Provisional Liquidators filed with the Bankruptcy Court a Motion For Order Approving Form and Manner of Service of Notice of Foreign Claims Procedure [Docket No. 49] (the "Claims Procedure Motion") in the Chapter 15 Case. The Claims Procedure Motion sought, <u>inter alia</u>, the Bankruptcy Court's approval of the form and manner of service of that certain Notice of (I) Recognition of Hong Kong Proceedings; (II) Foreign Claims Procedure; and (III) Related Relief (the "Claims Procedure Notice"). As evidenced by the BNC Certificate of Mailing filed in the Bankruptcy Court on May 8, 2010, the IRS was among numerous

parties receiving service of the Claims Procedure Motion.

9. The Claims Procedure Motion asserted that the Bankruptcy Code does not provide guidance for an independent claims procedure mechanism in cases arising under Chapter 15 and that creditors in the United States possessing claims against a foreign debtor subject to a Chapter 15 proceeding instead must file their claims in such form and substance as may be required under the laws of the jurisdiction which is home to the "foreign main proceeding." See Claims Procedure Motion, ¶7. Accordingly, the Provisional Liquidators sought by their Motion to provide creditors of Ltd. with appropriate notice of how to file their claims against Ltd. in the Hong Kong Proceeding.

10. No objections to the Claims Procedure Motion were filed with the Bankruptcy Court.

11. On June 1, 2010, following a hearing that was held on May 18, 2010, the Bankruptcy Court entered an order granting the Claims Procedure Motion and approving the form and manner of service of the Claims Procedure Notice [Docket No. 53] (the "Claims Procedure Order"). In accordance with the Claims Procedure Order, and as evidenced by the certificate of service filed by the Provisional Liquidators on June 3, 2010, the Claims Procedure Order, together with the Claims Procedure Notice and Hong Kong Proof of Debt forms, were served upon all creditors of Ltd. and other parties in interest, including, without limitation, the IRS.

12. On June 16, 2010, the United States, on behalf of the IRS, filed a Motion to Alter or Amend Order Approving Form and Manner of Service of Notice of Foreign Claims Procedure [Docket No. 56] ("Motion to Amend"). The Motion to Amend seeks entry of an amended Claims Procedure Order, in the form of a "clarification of [the Claims Procedure Order] so that it is apparent that it does not apply to assets of [Ltd.] that are located within the United States." See Motion to Amend, ¶4. The Motion to Amend further states that the United States "is concerned that if this Court's [Claims Procedure Order] pertained to [Ltd.'s] assets within the United States, the United States could be compelled to defend its federal tax claim in a foreign court with respect to assets that are located within the United States." See, Motion to Amend, ¶7.

13. The Motion to Amend was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure which is made applicable in bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Rule 59(e) provides for motions to "alter or amend" a judgment or order. This does not mean, however, that a Rule 59(e) motion may be used merely to re-litigate the same matters already determined by the court in an earlier order or judgment. See <u>Dale & Selby Superette and Deli v. United States Dep't of Agric.</u>, 838 F. Supp. 1346, 1347-48 (D. Minn. 1993). Nor is a Rule 59(e) motion appropriate merely because the movant disagrees with the court's application of the law in a previous order or judgment. <u>See</u>

Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

14.  A Rule 59(e) motion may be granted (1) to accommodate intervening change in the law, (2) to account for new evidence not available at trial, (3) to correct clear error of law, or (4) to prevent manifest injustice.  See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).  The moving party has the burden of establishing one of these grounds in order to obtain relief under Rule 59(e).  See In re Bell, Case No. 09-10941-8-JRL, 2010 WL 3517062 at *1 (Bankr. E.D.N.C. Sept. 3, 2010)("The bankruptcy court will deny a motion to reconsider unless the movant can make a showing of one of the enumerated grounds for relief.).

15.  The basis for the Motion to Amend now before the court is that the Claims Procedure Order will result in manifest injustice as to the IRS.  According to the IRS, this manifest injustice results from the requirement under the Claims Procedure Order that the IRS file its claims against Ltd. in the Hong Kong Proceeding.  The alleged manifest injustice is described by the IRS in its brief as follows:

> Here, clear inequity would result if the government were required to file its tax claims in Hong Kong.  Under the common law revenue rule, the Hong Kong courts could not consider these claims.  Therefore, as a practical matter, if the United State were required to file its tax claims in Hong Kong, those claims would effectively be denied without their merits ever being considered.

Because this argument could have been, but was not, raised before

the Claims Procedure Order was entered, the Motion to Amend the Claims Procedure Order is fatally deficient.

16. "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995); Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). See also Steele v. Young, 11 F.3d 1518 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.").

17. The IRS had ample opportunity to raise its objections prior to the entry of Claims Procedure Order, but failed to do so. The Claims Procedure Motion and a notice of hearing on the Claims Procedure Motion were duly and properly served on the IRS. Yet, no objection to the Claims Procedure Motion was filed by the IRS nor did the IRS appear at the hearing to object to the Claims Procedure Motion based upon the "revenue rule" or to request an alternative claims procedure. Instead, the IRS has raised such objections for the first time in the Motion to Amend. This failure to timely

object constitutes grounds for denial of the Motion to Amend. See In re Enron, 356 B.R. 343, 363 (Bankr. S.D.N.Y. 2006), where the movant had not earlier raised the arguments relied upon in seeking relief under Rule 59 and provided no justification for having failed to do so, the court declined to find manifest injustice, stating: "Such failure hardly could warrant a finding of manifest injustice under Rule 9023 because there is no justification for Enron not raising any Rule 37(c)(1) arguments timely."

18. The IRS apparently contends that it was not required to respond to the Motion to Amend or appear at the hearing because the Claims Procedure Motion was not properly served. This argument is without merit. Pursuant to Federal Rule of Bankruptcy Procedure 5003(e), the IRS has designated "Internal Revenue Service, P.O. Box 21126, Philadelphia, PA, 19114," as its nationwide noticing address for bankruptcy-related matters. This is consistent with the Registration of Addresses of Federal & State Governmental Units available on the Bankruptcy Court's website. Moreover, both of the proofs of claim previously filed by the IRS directed that notices in this case should be sent to "Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114." In addition to the nationwide noticing address set forth above, the Provisional Liquidators also served the Claims Procedure Motion on the local office of the IRS, located at "320 Federal Place, Greensboro, NC, 27401" as reflected on the certificate of service for the Claims Procedure Motion,

dated April 28, 2010. The Clerk's Office also served notice of the hearing on the Claims Procedure Motion on the IRS at both its Philadelphia and Greensboro addresses. The IRS thus was provided notice that afforded the opportunity to raise objections to the Claims Procedure Motion prior to entry of the Claims Procedure Order. Despite such notice, the IRS was unresponsive until after the hearing was held and the Claims Procedure Order was entered.

19. The IRS argues that service of the Claims Procedure Motion was defective because it was not made in accordance with Rules 7004 and 9014 of the Federal Rules of Bankruptcy Procedure, which govern service of pleadings and papers in adversary proceedings and contested matters, respectively. See Fed. R. Bankr. P. 7004 and 9014. Specifically, the IRS is now contending that in addition to service of the Claims Procedure Motion in the manner set forth above, the Claims Procedure Motion was required to be served upon the Attorney General of the United States and the local United States Attorney's Office. See Second Supplemental Brief, pg. 4. This argument is unpersuasive and not accepted. Until the IRS filed its Motion to Amend -- nearly two months after the Provisional Liquidators filed and served their Claims Procedure Motion[1] -- there was no dispute regarding the Claims Procedure

---

[1] The IRS' argument that "it was hampered in being able to file a timely opposition to the [Claims Procedure Motion]" is not supported by the record. The record reflects that the IRS had nearly a month to respond to the Claims Procedure Motion before the Court heard the matter, and nearly another entire month elapsed

- 9 -

Motion and there was no basis prior to the filing of the Motion to Amend to classify the Claims Procedure Motion as a contested matter within the meaning of Rule 9014 of the Federal Rules of Bankruptcy Procedure. Before a motion or application will constitute a contested matter, there must be a dispute regarding the matter. See Leavell v. Karnes, 143 B.R. 212, 217 (S.D. Ill. 1990)("Thus, a contested matter does not arise until there is an actual dispute—raised by an objection to an application for compensation. The application itself does not present an actual dispute."); see also, 10 Collier on Bankruptcy ¶ 9014.01 (15th ed. rev. 2010)("Contested matters resemble adversary proceedings in that there are (at least) two parties opposing each other with respect to the relief sought by one of them."). Thus, an essential ingredient for a matter to qualify as a contested matter is that the matter involve an "actual dispute" in which there are parties opposing each other. Such a situation obviously did not exist in this case before the Motion to Amend was filed. And the fact that the IRS subsequently sought to contest the Claims Procedure Motion by filing the belated Motion to Amend cannot serve to ex post facto convert the Claims Procedure Motion from a simple administrative matter into a contested matter between the Provisional Liquidators and the IRS. See In re Bankest Capital Corp., No. 04-10941-BKC-

---

between the date of the Court's hearing and the date the IRS finally filed its Motion to Amend.

AJC, 2007 WL 656557, at *1 (Bankr. S.D. Fla. Feb. 27, 2007). The Claims Procedure Motion was an administrative measure for the benefit of all domestic creditors of Ltd. and did not focus specifically upon IRS or seek relief or raise issues that were specific or unique to the IRS. The Provisional Liquidators were not required to anticipate the IRS's objection to the Claims Procedure Motion in advance. See In re GST Telecom, Inc., No. 00-1082 GMS, 2002 WL 1737445, at *5 n.4 (D. Del. July 29, 2002)(concluding that it would be unreasonable to require that debtors anticipate which matters will be contested). Once the IRS filed its Motion to Amend, the Provisional Liquidators began serving subsequent pleadings and papers related to the dispute raised by the Motion to Amend directly upon Mr. Blaskopf at the United States Department of Justice. That is all that was required of them.

20. An additional reason why the IRS is not entitled to any relief regarding the Claims Procedure Order is that the IRS has not substantiated the assumptions relied upon in arguing that the Claims Procedure Order will result in manifest injustice. The basis for the IRS's argument that manifest injustice will occur consists entirely of a supposition by the IRS that if the IRS filed its claims in the Hong Kong proceeding, the revenue rule would be invoked and applied by the Hong Kong court in such a manner that the IRS claims would be denied without any consideration of the

merits of the claims. This argument is not based upon the IRS actually having filed a claim in the Hong Kong proceeding that was not recognized by that court. Rather, the only basis for the requested amendment to the Claims Procedure Order is the supposition that if the IRS claims were filed in the Hong Kong proceeding such claims would not be considered on the merits as a result of the revenue rule being applied in that court. However, it is unclear and speculative from the showing made by the IRS in support of the Motion to Amend whether the revenue rule, in fact, would be invoked in the Hong Kong court and, if so, the manner in which the rule would be applied by that court in response to claims filed by the IRS. The result is that the court is left with an untested and unsupported supposition by the IRS that the IRS claim would not be recognized in the Hong Kong proceeding as a result of the revenue rule, which is not a sufficient basis for the granting of relief pursuant to Rule 59. The IRS having failed to substantiate the assumptions underlying its argument that the Claims Procedure Order will result in manifest injustice, the court need go no further in concluding that the Motion to Amend should be denied.

For the foregoing reasons, the court has concluded that the Motion to Amend should be overruled and denied.

IT IS SO ORDERED.

This 13th day of December, 2010.

                                           _/s/ William L. Stocks_
                                           WILLIAM L. STOCKS
                                           United States Bankruptcy Judge

PARTIES IN INTEREST

Benjamin A. Kahn, Esq.
Christine L. Myatt, Esq.
P.O. Box 3463
Greensboro, NC 27408

Stephen Packman, Esq.
1 Centennial Square
Haddonfield, NJ 08033

Lawrence P. Blaskopf, Esq.
U.S. Department of Justice
Ben Franklin Station
P.O. Box 227
Washington, DC 20044